FILED
2006 NOV -1 PM 12:57
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARGARET T. MMBAGA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3 06 1073 |
| ) | |
| v. ) | DISTRICT JUDGE ECHOLS |
| ) | |
| TENNESSEE STATE UNIVERSITY ) | MAGISTRATE JUDGE Bryant |
| ) | |
| Defendant. ) | |
| ) | JURY DEMAND |

## COMPLAINT

COMES NOW Margaret T. Mmbaga, Plaintiff, bringing this civil action against defendant TSU, Inc. ("TSU"), asserting unlawful discrimination in employment and harassment based on race, sex and national origin, and retaliation, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., ("Title VII"); 42 U.S.C. § 1981 ("Section 1981"); and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401 et seq. ("THRA"). For her cause of action, Dr. Mmbaga states as follows:

### JURISDICTION AND VENUE

1. This is an action authorized and instituted under Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 1981(a); and the THRA, Tenn. Code Ann. § 4-21-311(d).

2. This Court may exercise personal jurisdiction over the defendant based on its citizenship within the State of Tennessee and within this judicial district.

3. This Court may exercise personal jurisdiction over the defendant under the THRA, Tenn. Code Ann. §§ 4-21-102(4) and 4-21-102(14).

4. This Court may exercise subject matter jurisdiction under 28 U.S.C. §§ 1331, 1337, 1343, and 1658; under Title VII; under 42 U.S.C. § 1981; and the THRA, Tenn. Code Ann. §§ 4-21-311(a), 4-21-401 and/or 16-10-101.

5. Under 28 U.S.C. § 1367(c), this Court may exercise pendent jurisdiction over Dr. Mmbaga's claims under and the THRA.

6. Dr. Mmbaga has complied with conditions precedent to jurisdiction in accordance with Title VII, and the THRA, Tenn. Code Ann. § 4-21-311(d). On January 25, 2005, Dr. Mmbaga filed Charge No. 253-2005-00950 with the United States Equal Employment Opportunity Commission (hereafter "EEOC"). On July 31, 2006, the EEOC issued a right-to-sue letter to Dr. Mmbaga concerning Charge No. 253-2005-00950. Dr. Mmbaga has filed this civil action within ninety days of receiving this right-to-sue letter.

7. Venue is proper in this Court under Title VII, 28 U.S.C. § 1391(b) and Tenn. Code Ann. § 20-4-101.

## PARTIES

8. Dr. Mmbaga incorporates and realleges Paragraphs 1 through 7 as though fully set forth herein.

9. At all relevant times, Dr. Mmbaga has been and is a resident of Rutherford County, Tennessee.

10. At all relevant times, the defendant has been and is an entity of the State of Tennessee and having its principal place of business in Davidson County, Tennessee and doing business within both the State of Tennessee and this judicial district.

## FACTUAL ALLEGATIONS

11. Dr. Mmbaga incorporates and realleges Paragraphs 1 through 10 as though fully set forth herein.

12. Dr. Mmbaga is a female. Dr. Mmbaga is a native of the country of Tanzania, which is located on the continent of Africa. Dr. Mmbaga is permanent resident of the United States.

13. In November, 1995, the defendant hired Dr. Mmbaga as an "Associate Investigator" in Plant Pathology. On or about July 1, 2002, the defendant reclassified her to the position of "Research Assistant Professor." In March 2003 the defendant reclassified Dr. Mmbaga to the position of "Research Associate Professor" effective the previous October 1, 2002. On or about October, 2006, the defendant reclassified her to the position of "Professor" effective October 1, 2006.

14. Currently, Dr. Mmbaga's primary work location is at the defendant's facility in McMinnville, Warren County, Tennessee. The defendant's principal office is located in Nashville, Davidson County, Tennessee.

15. Prior to July, 2004, Dr. Mmbaga filed a sexual harassment complaint against Dr. Stephen Kolison using the defendant's internal equal employment opportunity procedures. Dr. Mmbaga delivered her complaint to a Dr. Bankhead, who was employed by the defendant as "Vice President for Academic Affairs" at the time

16. When Dr. Mmbaga filed her sexual harassment complaint against Dr. Kolison, he was Dean of the defendant's Institute of Agricultural and Environmental Research (IAGER). Presently, he remains Dean of the defendant's IAGER and his primary work location is at the defendant's principal facility in Nashville, Davidson County, Tennessee. Dr. Kolison is a native of the country of Liberia, which is located on the continent of Africa.

17. When Dr. Mmbaga filed her sexual harassment complaint against Dr. Kolison, Dr. Kolison was also the immediate supervisor of Dr. Mmbaga's immediate supervisor, Dr. Nick Gawel. Presently, he (Gawel) remains Dr. Mmbaga's immediate supervisor and Dr. Kolison remains Dr. Gawel's immediate supervisor.

18. On or about July, 2004, Dr. Kolison stated to one of the defendant's employees, Dr. Robert Harrison, that there would be no promotions that year in Dr. Kolison's organization because Dr. Mmbaga had filed a sexual harassment complaint against him. Also, Dr. Kolison repeated to another employee that no promotions would occur that year because of Dr. Mmbaga's sexual harassment complaint against him (Kolison) and that Dr. Roger Sauve had made a big mistake by influencing Dr. Mmbaga to file her complaint. At that time, both Dr. Mmbaga and Dr. Sauve were interested in being promoted to the position of "Professor" and met all of the job qualifications for this position.

19. On or about September, 2004, Dr. Mmbaga asked Vice President Bankhead to transfer her away from Dr. Kolison's department because he had begun to retaliate against her for having filed her sexual harassment complaint. Vice President Bankhead refused, stating that there was no system in place to transfer Dr. Mmbaga and that the funds for her worksite (McMinnville, Tennessee) cannot be used anywhere else. Also, Vice President Bankhead told

Dr. Mmbaga that she could appeal her sexual harassment complaint to the defendant's President. Approximately one month after Dr. Mmbaga met with Vice President Bankhead, she submitted an appeal of her sexual harassment complaint to the defendant's President

20. Shortly after Vice President Bankhead refused Dr. Mmbaga's transfer request, Dr. Kolison imposed a restriction on applications for capacity building grants. The restriction imposed by Dr. Kolison affected only Dr. Mmbaga's work. Also, Dr. Kolison refused to sign forms that Dr. Mmbaga needed Kolison sign in order for her to collaborate on a project with Virginia Polytechnic Institute and State University ("Virginia Tech") and Ohio State University.

21. On or about November, 2004, Dr. Mmbaga chaired a search committee that was formed to hire an assistant for Dr. Mmbaga. Dr. Kolison gave the committee only two weeks to hire an appropriate candidate. Previously, Dr Mmbaga had observed that search committees were given a longer period of time. Ultimately, despite Dr Mmbaga's written objections, the defendant hired an assistant who had previously worked under her, had performed very poorly, and acknowledge his poor performance during his job interview.

22. Between the date of Dr. Mmbaga's meeting with Vice President Bankhead and January, 2005, the defendant's President did not respond to Dr Mmbaga's appeal. On or about January, 2005, Dr. Mmbaga contacted an administrator in the office of the defendant's President concerning her appeal. The administrator told Dr Mmbaga that her appeal had been transferred to one of the defendant's Vice Presidents. Dr. Mmbaga never received a response to her sexual harassment complaint from any of the defendant's Vice Presidents.

23. In January, 2005, Dr. Kolison refused to appoint Dr. Mmbaga to serve on any IAGER committees. At that time, Dr. Mmbaga's performance evaluations considered her service on IAGER committees. At the time, Dr. Kolison appointed some or all of Dr. Mmbaga's co-workers to serve on two or three committees. In response to Dr. Mmbaga's inquiry about his decision, Dr. Kolison told her that he appointed only enthusiastic people to IAGER committees. Prior to January, 2005, Dr. Mmbaga served on at least four IAGER committees.

24. Since January, 2005, Dr. Kolison has excluded research assistants and post doctoral employees who are supervised by Dr. Mmbaga from IAGER committees and research teams. Dr. Kolison has included research assistants and post doctoral employees who are supervised by Dr. Mmbaga's co-workers on IAGER committees and research teams.

25. In February, 2005, Dr. Mmbaga became the principal investigator or project director for a research grant that was expected to continue through September, 2007. Her research required hiring either a "Research Associate" or post-doctoral researcher. After, Dr. Mmbaga assembled a search committee in February, 2005, Dr. Kolison added Dr. Mmbaga's supervisor (Dr. Gawel) and another person to the search committee to supervise Dr. Mmbaga's leadership of the search committee. At the time, one of Dr. Mmbaga's co-workers, Dr. Samuel Ochieng was a new employee with the defendant who was also hiring a Research Associate. Dr. Kolison did not add any persons to Dr. Ochieng's search committee to supervise his committee leadership.

26. In November, 2005, Dr. Kolison and Dr. Gawel asked Dr. Mmbaga to produce evidence that she contacted other universities by fax to advertise the Research Associate position for which she had sought candidates nine months earlier. A total of twenty-one

persons applied for the position. During her employment, Dr. Mmbaga has never observed either Dr. Kolison or Dr. Gawel ask her colleagues to produce evidence concerning the method of advertising to other universities for a Research Associate position, or other position, nine months after seeking candidates.

27. On or about August, 2006, Dr. Mmbaga wrote a letter to the defendant's current President asking the defendant to investigate her allegations of a hostile work environment. To date, Dr. Mmbaga has not received a response to her letter to the defendant's current President.

## PRELIMINARY LEGAL ALLEGATIONS

28. Dr. Mmbaga incorporates and realleges Paragraphs 1 through 27 as though fully set forth herein.

29. At all relevant times, each party has been and is a person within the meaning of Title VII and the THRA.

30. At all relevant times, Dr. Mmbaga has been and is a complaining party within the meaning of Title VII and 42 U.S.C. § 1981a.

31. At all relevant times, the defendant has been and is a respondent within the meaning of Title VII and 42 U.S.C. § 1981a.

32. At all relevant times, Dr. Mmbaga has been and is an employee of the defendant within the meaning of Title VII and the THRA.

33. At all relevant times, the defendant has been and is an employer within the meaning of Title VII and the THRA.

34. At all relevant times, the defendant has been and is engaged in an industry affecting commerce within the meaning of Title VII.

## COUNT I: RACE, SEX, AND NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII AND THE THRA

35. Dr. Mmbaga incorporates and realleges Paragraphs 1 through 34 as though fully set forth herein.

36. Based on her race, sex, and national origin, Dr. Mmbaga is a member of a protected class within the meaning of Title VII and the THRA.

37. At all relevant times, Dr. Mmbaga has been and is absolutely or relatively qualified for the position of Professor and each other position she has sought with the defendant.

38. At all relevant times, Dr. Mmbaga has performed her job duties according to the defendant's legitimate expectations.

39. The defendant has subjected Dr. Mmbaga to one or more adverse employment actions.

40. The defendant has treated Dr. Mmbaga less favorably or more harshly than similarly situated employees who are not members of Dr. Mmbaga's race and/or sex and/or who are of a different national origin than Dr. Mmbaga.

41. In whole or in part, Dr. Mmbaga's race, sex, and/or national origin has been a motivating factor in the defendant's conduct toward Dr. Mmbaga.

42. The defendant has engaged in one or more employment practices that constitute unlawful discrimination based on race, sex, and/or national origin, in violation of Title VII and the THRA.

43. The defendant has engaged in a pattern or practice of unlawful intentional discrimination against Dr. Mmbaga and/or members of her racial, sexual, and/or national origin class, in violation of Title VII and the THRA.

44. The defendant's conduct constitutes unlawful discrimination against Dr. Mmbaga with respect to her compensation, terms, conditions, or privilege of employment because of her race, sex, and/or national origin, in violation of Title VII and the THRA.

45. The defendant's conduct constitutes an unlawful limit, segregation, or classification of Dr. Mmbaga in one or more ways that has deprived or has tended to deprive Dr. Mmbaga of employment opportunities, or has otherwise adversely affected her status as an employee, because of her race, sex, and/or national origin, in violation of Title VII and the THRA.

46. The defendant has purposefully or intentionally engaged in unlawful discrimination against Dr. Mmbaga with respect to her compensation, terms, conditions or privileges of employment because of her race, sex, and/or national origin, in violation of Title VII and the THRA.

## COUNT II: RACE AND NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

47. Dr. Mmbaga incorporates and realleges Paragraphs 1 through 46 as though fully set forth herein.

48. Based on her race and national origin, Dr. Mmbaga is a member of a protected class within the meaning of 42 U.S.C. § 1981.

49. At all relevant times, Dr. Mmbaga has been and is absolutely or relatively qualified for the position of Professor and each other position she has sought with the defendant.

50. At all relevant times, Dr. Mmbaga has performed her job duties according to the defendant's legitimate expectations.

51. The defendant has subjected Dr. Mmbaga to one or more adverse employment actions.

52. The defendant has treated Dr. Mmbaga less favorably or more harshly than similarly situated employees who are not members of Dr. Mmbaga's race and/or who are of a different national origin than Dr. Mmbaga.

53. In whole or in part, Dr. Mmbaga's race and/or national origin has been a motivating factor in the defendant's conduct toward Dr. Mmbaga.

54. The defendant has unlawfully interfered with Dr. Mmbaga's enjoyment of all benefits, privileges, terms and conditions of her contractual relationship with the defendant, in violation of 42 U.S.C. § 1981.

55. The defendant intentionally applied to Dr. Mmbaga one or more of its policies, customs, and/or procedures in a discriminatory manner based on race. The defendant's actions deprived Dr. Mmbaga of her rights or privileges under 42 U.S.C. § 1981.

56. The defendant has engaged in a pattern or practice of unlawful intentional discrimination against Dr. Mmbaga and/or members of her racial and/or national origin class, in violation of 42 U.S.C. § 1981.

57. The defendant is liable to Dr. Mmbaga under 42 U.S.C. § 1981.

58. The defendant's conduct has caused Dr. Mmbaga job-related damages, including (but not limited to) lost wages, lost benefits, lost seniority, lost career opportunities, injured professional reputation, and/or mental anguish.

59. The defendant has engaged in one or more discriminatory practices with malice, ill-will, or with reckless indifference to, or reckless disregard for, Dr. Mmbaga's federally protected rights, or has otherwise engaged in unlawful intentional discrimination in contravention of such rights, within the meaning of 42 U.S.C. §§ 1981 and/or 1981a.

## COUNT III: RACE, SEX, AND NATIONAL ORIGIN HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII, THE THRA, AND 42 U.S.C. § 1981

60. Dr. Mmbaga incorporates and realleges Paragraphs 1 through 59 as though fully set forth herein.

61. Based on her race, sex, and/or national origin, Dr. Mmbaga is a member of a protected class within the meaning of Title VII, the THRA and/or 42 U.S.C. § 1981.

62. The defendant has subjected Dr. Mmbaga to unwelcome racial, sexual, and/or national origin harassment.

63. The harassment to which Dr. Mmbaga has been subjected is based on her race, sex, and/or national origin.

64. The harassment to which Dr. Mmbaga has been subjected has been created, committed, or condoned by one or more supervisors with immediate or successively higher authority over Dr. Mmbaga' employment

65. The defendant, through one or more of its supervisors, has taken one or more tangible employment actions against Dr. Mmbaga.

66. The harassment to which Dr. Mmbaga has been subjected has been sufficiently severe or pervasive to alter one or more terms, conditions, or privileges of her employment, or has had the effect of unreasonably interfering with her work performance by creating an intimidating, humiliating, hostile or offensive work environment.

67. The defendant's conduct has been sufficiently severe to create an environment that a reasonable person would find intimidating, humiliating hostile, abusive or offensive.

68. Dr. Mmbaga regards the defendant's work environment as intimidating, humiliating, hostile, abusive or offensive.

69. The defendant has not subjected employees outside of Dr. Mmbaga' racial class to intimidating, humiliating, hostile, abusive or offensive conduct based on race, sex, and/or national origin.

70. At all relevant times, the defendant has been under an affirmative duty to maintain a work environment that is free from intimidating, humiliating, hostile, abusive or offensive

conduct based on race, sex, and/or national origin. The defendant has tolerated or condoned harassment of Dr. Mmbaga, based on her race, sex, and/or national origin, in violation of Title VII, the THRA and/or 42 U.S.C. § 1981.

71. The defendant is chargeable with actual or constructive knowledge that one or more of its supervisory personnel has engaged in intimidating, humiliating hostile, abusive or offensive conduct toward Dr Mmbaga, or has otherwise tolerated an intimidating, humiliating hostile, abusive or offensive work environment based on race, sex, and/or national origin

72. The acts of one or more of the defendant's supervisory personnel have been committed while performing duties within the scope of their employment with the defendant.

73 The defendant has intentionally applied to Dr Mmbaga one or more of its policies, customs, and/or procedures in a discriminatory manner based on race, sex, and/or national origin. The conduct of the defendant has deprived Dr. Mmbaga of her rights or privileges under Title VII, the THRA and/or 42 U.S.C § 1981.

74. The defendant is directly or vicariously liable to Dr Mmbaga for race, sex, and/or national origin hostile work environment under Title VII, the THRA and/or 42 U.S.C § 1981.

## COUNT IV: RETALIATION IN VIOLATION OF TITLE VII, SECTION 1981 AND THE THRA

75. Dr. Mmbaga incorporates and realleges Paragraphs 1 through 74 as though fully set forth herein.

76. In filing one or more sexual harassment charges within the defendant's organization, Dr. Mmbaga has engaged in activity protected under Title VII, Section 1981 and/or the THRA.

77. In filing a retaliation charge with the EEOC, Dr. Mmbaga has engaged in activity protected under Title VII, Section 1981 and/or the THRA.

78. At all relevant times, the defendant has been aware that Dr. Mmbaga engaged in activity protected under Title VII, Section 1981 and/or the THRA.

79. After Dr. Mmbaga engaged in activity protected under Title VII, Section 1981 and/or the THRA, the defendant took one or more adverse employment actions against Dr. Mmbaga or subjected her to retaliation, or both.

80. A causal connection exists between Dr. Mmbaga's activity protected under Title VII, Section 1981 and/or the THRA and the adverse employment action(s) taken by the defendant against her.

### PRAYER FOR RELIEF

WHEREFORE, Dr. Mmbaga prays for judgment and for the following legal and equitable relief:

1. A permanent injunction enjoining the defendant, its officers, successors, assigns, and all persons in active concert or participation with the defendant, from engaging in any employment practice which unlawfully discriminates on any basis, particularly, race, sex, or national origin, or which constitutes retaliation, as authorized by Title VII, 42 U.S.C. § 1981, and the THRA.

2. An Order directing the defendant to make Dr. Mmbaga whole by providing all forms of back pay, retroactive promotion, front pay, pre-judgment interest, post-judgment interest, costs, and reasonable attorney's fees (including expert fees) in amounts to be determined at trial as authorized by Title VII, Section 1981 and the THRA.

3. An Order directing the defendant to pay to Dr. Mmbaga compensatory damages for her losses resulting from the defendant's unlawful employment practices, including, but not limited to, past pecuniary losses, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, in amounts to be determined at trial, as authorized by 42 U.S.C. § 1981a and the THRA.

4. Such other legal or equitable remedies as the Court deems proper.

## JURY TRIAL DEMAND

In accordance with Fed. R. Civ. P. 38(b) and 38(c), Dr. Mmbaga requests a jury trial on all triable issues raised by her Complaint, as authorized by governing law.

Respectfully submitted,

MAYFIELD LAW FIRM LLC

_____
Charles A. Mayfield, #021902
301 S. Perimeter Park Drive, Suite 100
Nashville, Tennessee 37211
(615) 781-4210
Attorney for Plaintiff