UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARGARET T. MMBAGA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:06-1073 |
| ) | JUDGE ECHOLS |
| TENNESSEE STATE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Defendant Tennessee State University ("TSU") has filed a Motion for Partial Dismissal (Docket Entry No. 6), to which Plaintiff Margaret T. Mmbaga ("Mmbaga") has responded that she has no opposition to the granting of the same (Docket Entry No. 9). Also pending is TSU's Second Motion for Partial Dismissal (Docket Entry No. 21), to which Plaintiff has responded in opposition (Docket Entry No. 24).

## I. FACTS

This is an employment discrimination case in which Mmbaga, a female, permanent resident of the United States from Tanzania, claims she was subjected to discrimination and harassment based on race, sex, and national origin. She also claims that she was subjected to retaliation. Mmbaga sues her employer TSU asserting claims under Title VII, 42 U.S.C. § 2000e-5(f)(1), 42 U.S.C. § 1981, and the Tennessee Human Rights Act ("THRA"), T.C.A. § 4-21-311(d).

In her Complaint, Mmbaga alleges that she exhausted all of her administrative remedies with the EEOC prior to filing suit. In her Charge with the EEOC, Mmbaga checked the box for retaliation, indicated that the discrimination took place between July 7, 2004 and January 14, 2005, and alleged the following:

> I have been employed by Tennessee State University since 11/95. The University employs over 15.

1

> On or about 7/04, my Supervisor began to take retaliatory actions against me for previously filing a sexual harassment claim against him. He uses his position to intimidate and harass me, he has denied my promotion as well as my subordinates that I supervise and coworkers. I have exceeded all the requirements for promotion. He has interfered with my job, by changing the administration of funds that are dedicated for research projects that I am responsible for completing, by imposing various constraints on the grants obtained for these projects. Additionally, he has openly stated to various personnel, that he will never promote me because of the charge I filed against him. I did file a complaint with the University, but no corrective action was taken, and the hostile work environment continues.
>
> I believe that I am being continually discriminated against since filing a sexual harassment complaint against my Supervisor, denied promotions and intimidated and harassed in a hostile work environment, in violation of Title VII of the CRA of 1964 as amended.

(Docket Entry No. 6, Ex. 1).

In an affidavit filed in opposition to the Second Motion for Partial Dismissal Mmbaga states that when she filed her charge of discrimination with the EEOC she was not represented by counsel and that she explained to the EEOC representative what had occurred and relied on that representative to help her articulate her claims. (Docket Entry No. 25). Mmbaga further asserts she explained to the EEOC representative that while she and her supervisor were both from Africa, she was from Tanzania and he was from Liberia and she believed the supervisor was prejudiced against her at least in part because of her national origin.

Defendant argues this Court lacks subject matter jurisdiction under Rule 12(b)(1) over Plaintiff's claims brought pursuant to Section 1981 and the THRA. Defendant also seeks dismissal of Plaintiff's race, sex, and national origin discrimination claims under both Rule 12(b)(1) and 12(b)(6).

## II. STANDARDS OF REVIEW

A Motion to Dismiss under Rule 12(b)(1) can attack the claim of jurisdiction on its face and in such circumstances, the allegation of the Plaintiff must be considered as true. Abbott v. Michigan, 474 F.3d 324, 328 (2007). Alternatively, the motion under Rule 12(b)(1) may attack the

factual basis for jurisdiction in which case the court must weigh the evidence keeping in mind that the Plaintiff bears the burden of proving that jurisdiction exists. Id.

In evaluating a Complaint under Rule 12(b)(6), the Court must accept all of the Plaintiff's allegations as true and resolve all doubts in her favor. See Craighead v. E.F. Hutton & Co., 899 F.2d 485, 489 (6th Cir. 1990). The Court should not dismiss the Complaint unless it appears beyond doubt that Plaintiff cannot prove any set of facts in support of her claims that would entitle her to relief.

### III. APPLICATION OF LAW

#### A. Section 1981 and THRA Claims

Defendant moves to dismiss Plaintiff's Section 1981 claim for lack of subject matter jurisdiction on the ground that TSU is an arm of the state and the State of Tennessee has not waived its Eleventh Amendment immunity from suits under Section 1981. See, Freeman v. Michigan Dept. of State, 808 F.2d 1174, 1179 (6th Cir. 1987)("Section 1981 contains no congressional waiver of the state's Eleventh Amendment immunity"). Defendant also moves to dismiss for lack of subject matter jurisdiction Plaintiff's THRA claim because the State of Tennessee has not consented to being sued in federal court on that state law claim. See, Boyd v. Tennessee State University, 848 F.Supp. 111, 114-15 (M.D. Tenn. 1994)("there is no express consent by Tennessee, either within the THRA or elsewhere, to suit in federal court under the THRA" and such suits may "only be brought before the Human Rights Commission or in Chancery Court").

In response, Plaintiff indicates that based on "review of applicable precedent in this federal judicial Circuit, the Court cannot properly exercise subject matter jurisdiction over her claims against the defendant under 42 U.S.C. § 1981 and under the Tennessee Human Rights Act[.]" (Docket Entry No. 9 at 1). This Court agrees and, accordingly, Plaintiff's Section 1981 and THRA claims will be dismissed.

3

**B. Race, Sex, and National Origin Discrimination Claims**

Defendant seeks to dismiss Plaintiff's race, sex, and national origin discrimination claims on the grounds that in her EEOC charge "Plaintiff failed to allege any facts that put the EEOC or Defendant on notice of a possible Title VII claim with respect to race, sex, or national origin" discrimination[1] but instead only put Defendant on notice of a potential retaliation claim against her supervisor. (Docket Entry No. 22 at 6). This Court disagrees.

A plaintiff must exhaust administrative remedies by filing a charge of discrimination with the EEOC before pursuing a Title VII claim in federal court. The exhaustion requirement ensures that (1) the EEOC has an opportunity to fulfill its statutory duty to investigate the charge of discrimination, and (2) the employer has notice of the alleged discrimination so it can take appropriate measures to correct or remedy the discrimination. 42 U.S.C. § 2000e-5(b).

"Recognizing that charges are frequently filed by lay complainants who are unfamiliar with formal pleading requirements, courts will also review any additional claims that 'can reasonably be expected to grow out of the EEOC charge.'" Young v. Daimler Chrysler Corp., 52 Fed. Appx. 637, 639 (6th Cir. 2002)(internal quotation omitted). "For a charge to grow out of an ensuing investigation, the plaintiff's EEOC charge must, at a minimum, relate *facts* that would prompt the EEOC to consider or investigate other forms of discrimination." Id. (emphasis in original). Hence, "a judicial complaint must be limited to 'the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination,' [and] not . . . tied to the four corners of the one-page form document under all circumstances." Duggins v. Steak''N Shake, Inc., 195 F.3d 828, 832 (6th Cir. 1999)(quoting Ang v. Procter & Gamble Co., 932 F.3d 540, 545 (6th Cir. 1991)).

---

[1] With regard to a claim for race discrimination, Plaintiff has specifically indicated that she "has no intention of proceeding on any race-based theory." (Docket Entry No. 24 at 1, n.1). Accordingly, that claim will be dismissed.

4

In this case, while it is true that Plaintiff only checked the box for retaliation, this does not mean that Plaintiff can only pursue a retaliation claim in this Court. A review of the charge indicates that Plaintiff complained about "sexual harassment," that her supervisor wrongly denied her promotions, and that she was continually discriminated against. Any reasonable investigation would suggest that, in addition to retaliation, Plaintiff was complaining about discrimination. See, Tisdale v. Federal Express Corp., 415 F.3d 516, 528 (6th Cir. 2005)(court could consider retaliation claim even though box was not checked where at time plaintiff completed the EEOC charge he was not represented by counsel, he recounted his story to a clerk at the EEOC, and retaliation and discrimination claims were based on the same core of operative facts); Dixon v. Ashcroft, 392 F.3d 212, 218 (6th Cir. 2004)(under the "expected scope of investigation test," factual allegations were sufficient to put EEOC on notice that plaintiff perceived himself to be a victim of retaliation in addition to race discrimination even though retaliation box not checked).

As for the types of discrimination, Plaintiff's complaint about sexual harassment in conjunction with her claims of denied promotions and continued discrimination suggests that discrimination may have been based on sex. See, Yamaguchi v. United States Dep't of the Air Force, 109 F.3d 1475, 1480 (9th Cir.1997)(exercising jurisdiction over plaintiff's claim of sex discrimination as well as sexual harassment even though her EEOC charge did not explicitly allege a sex discrimination claim distinct from an harassment charge). Plaintiff's claim of national origin discrimination would surface during a reasonable investigation by the EEOC since, again, Plaintiff was complaining about failures to promote and continued discrimination and even a superficial inquiry would reveal that Plaintiff and her supervisor, albeit both from Africa, were in actuality from different countries. Accordingly, Plaintiff's claims for sex and national origin discrimination will not be dismissed.

## IV.  CONCLUSION

On the basis of the foregoing, Defendant's Motion for Partial Dismissal (Docket Entry No. 6) will be granted and Plaintiff's claims under 42 U.S.C. § 1981 and the Tennessee Human Rights Act, T.C.A. §§ 4-21-401 *et seq.* will be dismissed.   Defendant's Second Motion for Partial Dismissal (Docket Entry No. 21) will be granted with respect to Plaintiff's race discrimination claim but denied with respect to Plaintiff's sex discrimination and national origin discrimination claim.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE